IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA BOUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| M & M BROTHERS OF LAKE | ) | |
| COUNTY, INC. d/b/a DOCKERS | ) | Jury Demanded |
| RESTAURANT, & MARIO | ) | |
| MARTINEZ | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Paula Bounds, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), complains of defendants M & M Brothers of Lake County, Inc. d/b/a Dockers Restaurant, and Mario Martinez (collectively, "Defendants"), for not paying Bounds an hourly wage for any hours she has worked for Defendants, for failure to pay overtime wages, and for improper recording of her hours worked, and states:

### Jurisdiction and Venue

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue, generally) and 29 U.S.C. § 216(b) (FLSA).

### Parties

3. Plaintiff Bounds is a current Dockers employee.

4. M & M Brothers of Lake County, Inc. d/b/a Dockers Restaurant is an Illinois corporation which operates a restaurant and bar in Fox Lake, Lake County, Illinois.

5. Mario Martinez is one of the owners of Defendant M & M Brothers of Lake County, Inc.

6. Martinez has the power to hire and fire employees, supervises and controls their work schedules and conditions of employment, determines the methods and rates of employee payment, and maintains employees' records.

<u>Dockers Regularly Failed to Pay Bounds her Earned Hourly Wages</u>

7. Bounds has worked for Defendants as a server at Dockers since approximately May 2011.

8. Dockers has a patio that is only open during warm weather. It opens from approximately June 1 through September 30.

9. From 2011 through the end of 2013, Bounds typically worked seven (7) days per week, approximately sixty-seven (67) hours per week during the summer season.

10. During the same timeframe, Bounds worked approximately between thirty-three (33) and forty (40) hours per week during the winter, depending on the week.

11. From approximately January 2014 through the present, Bounds worked approximately fifty (50) hours per week during the summertime, and thirty-three (33) hours per week when the patio was closed during the fall and winter months. She has worked five (5) days per week in both the summer and winter seasons.

12. Despite sometimes clocking in and out at the beginning and end of her shift, Bounds is not paid her earned hourly wages, required by the Illinois or federal minimum wage, as she was entitled by virtue of her employment with Dockers.

13. Bounds receives regular paystubs, which purport to show her earned hourly wages and any deductions. However, she has never been paid for these hours worked. Bounds' actual paychecks attached to the paystubs read, "$0.00."

14. Effectively, Bounds is clocking in on most days, but performing off-the-clock work, without receiving any hourly wages.

15. As a result, Bounds' payroll records do not accurately reflect the hours that she has worked.

16. On at least one occasion, Bounds confronted Dockers owner Mario Martinez about the fact that she was not receiving any hourly pay in her biweekly paycheck. Martinez responded, "You make enough money."

17. Dockers was aware of, and deliberately failed to pay Bounds and others their earned hourly wages. Bounds was not, at any time, paid either the State or federal minimum wage for the hours she worked at Dockers.

18. Additionally, throughout the entirety of Bounds' employment, Dockers has prohibited employees from clocking in once they have worked seventy (70) hours over any two-week period.

19. In approximately 2012 and 2013, during the summer work seasons, Dockers had a sign on the wall above where employees punched in that read, "Do not punch in after 70 hours."

<u>Dockers Does not Qualify to Pay Bounds less due to Tip Credits</u>

20. Dockers never informed Bounds, verbally or in writing, that her hourly wages would be subject to a tip credit, an amount that the law allows employers to deduct from the minimum wage of an employee who regularly receives tips. The tip credit is subject to strict rules, which Dockers did not follow.

3

21. Bounds received neither the tipped minimum wage, nor the regular State or federal minimum wage from Dockers. She has never received any hourly wage.

<u>Dockers Improperly deducted pay and hours from Bounds' Recorded Hours</u>

22. Dockers' payroll system automatically deducts between thirty (30) and sixty (60) minutes from each shift Bounds and other employees work.

23. Since she began working at Dockers in or about 2010, Bounds has had between thirty (30) and sixty (60) minutes from each shift for purported meal periods.

24. At no point has Bounds ever received a bona fide meal period as defined under the FLSA and IMWL.

25. Bounds was never informed of these deductions ahead of time.

26. These deductions were not made to benefit Bounds.

27. Bounds never gave her permission, in writing or elsewhere, for such deductions to be made.

### Count 1 – Dockers
### FLSA – Minimum Wage

28. Paragraphs 1 through 27 are incorporated by reference.

29. The FLSA requires an employer to pay its covered, non-exempt employee the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

30. Dockers is Bounds employer, and Bounds is Dockers' employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

31. Dockers, by its management or agents, violated the FLSA by failing to pay Bounds the minimum wage for all hours worked, which resulted in her receiving less than the legal rate for her hours worked.

4

32. Dockers was not entitled to pay Bounds the tipped minimum wage, as defined under the FLSA, because Dockers failed to provide Bounds certain information. The FLSA requires that the employer disclose:

   a. the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

   b. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

   c. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

   d. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

   e. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

33. Dockers' violation of the FLSA was willful.

34. As a direct result of Dockers' violation of the FLSA, Bounds suffered the loss of compensation in the form of unpaid hourly wages and not earning the federal minimum wage during the relevant timeframe.

## Count 2 – Dockers
## FLSA – Overtime Pay

35. Paragraphs 1 through 27 are incorporated by reference.

36. The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

37. Dockers is Bounds' employer, and Bounds is Dockers' employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

38. Dockers, by its management or agents, violated the FLSA by failing to pay her any overtime wages for her hours worked over forty (40), which resulted in her receiving less than the legal overtime rate for her overtime hours.

39. Dockers' violation of the FLSA was willful.

40. As a direct result of Dockers' violation of the FLSA, Bounds suffered the loss of compensation in the form of overtime pay.

## Count 3 – Martinez
## FLSA – Minimum Wage

41. Paragraphs 1 through 27 are incorporated by reference.

42. The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

43. Martinez possesses and exercises the following authority as it relates to Dockers:

    a. The power to hire and fire employees;

    b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

    c. Determining employees' methods and rates of pay;

    d. Maintenance of employees' records.

44. Martinez was Bounds' employer, and Bounds was Martinez's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

45. Martinez, by his management or agents, violated the FLSA by prohibiting her from properly recording all hours worked and by failing to pay Bounds the minimum wage for all hours worked, which resulted in her receiving less than the legal rate for her hours worked.

46. Martinez was not entitled to pay Bounds the tipped minimum wage, as defined under the FLSA, because Martinez failed to provide Bounds certain information. The FLSA requires that the employer disclose:

    a. the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

    b. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

    c. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

    d. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

7

  e. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

47. Martinez's violation of the FLSA was willful.

48. As a direct result of Martinez's violation of the FLSA, Bounds suffered the loss of compensation in the form of unpaid hourly wages and not earning the federal minimum wage during the relevant timeframe.

**Count 4 – Martinez**
**FLSA – Overtime Pay**

49. Paragraphs 1 through 27 are incorporated by reference.

50. The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

51. Martinez possesses and exercises the following authority as it relates to Dockers:

  a. The power to hire and fire employees;

  b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

  c. Determining employees' methods and rates of pay;

  d. Maintenance of employees' records.

52. Martinez is Bounds' employer, and Bounds is Martinez's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

53. Martinez, by his management or agents, violated the FLSA by failing to pay her any overtime wages for her hours worked over forty (40), which resulted in her receiving less than the legal overtime rate for her overtime hours.

54. Martinez's violation of the FLSA was willful.

55. As a direct result of Martinez's violation of the FLSA, Bounds suffered the loss of compensation in the form of overtime pay.

### Count 5 – Dockers
### IMWL – Overtime Pay

56. Paragraphs 1 through 27 are incorporated by reference.

57. The IMWL requires an employer to pay its covered, non-exempt employee one no less than the state minimum wage of $8.25 per hour. 820 ILCS 105/3(c), (d); 820 ILCS 105/4.

58. Dockers is Bounds' employer, and Bounds is Dockers' employee, within the meaning of the MWL. 820 ILCS 105/3(c), (d).

59. Dockers, by its management or agents, violated the IMWL by prohibiting her from properly recording all hours worked and by failing to pay her any hourly wages, which resulted in her receiving less than the legal minimum wage for her hours worked.

60. Dockers' violation of the IMWL was willful.

61. As a direct result of Dockers' violation of the IMWL, Bounds suffered the loss of compensation in the form of unpaid hourly wages.

### Count 6 – Dockers
### IMWL – Overtime Pay

62. Paragraphs 1 through 27 are incorporated by reference.

63. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

64. Dockers is Bounds' employer, and Bounds is Dockers' employee, within the meaning of the MWL. 820 ILCS 105/3(c), (d).

65. Dockers, by its management or agents, violated the IMWL by prohibiting her from properly recording all hours worked, and by failing to pay her time-and-a-half for all hours worked over forty (40) in any given workweek, which resulted in her receiving less than the legal overtime rate for her overtime hours.

66. Dockers' violation of the IMWL was willful.

67. As a direct result of Dockers' violation of the IMWL, Bounds suffered the loss of compensation in the form of overtime pay.

Wherefore, Plaintiff Paula Bounds requests that the Court to enter judgment in their favor against defendants M & M Brothers of Lake County, Inc. d/b/a Dockers Restaurant, and Mario Martinez, awarding Plaintiff:

    A.    Damages in the form of lost wages and overtime pay;

    B.    Liquidated damages in the amount of double her actual damages;

    C.    Interest at the rate of two percent per month from the time each withheld wage payment was due;

    D.    Her reasonable attorneys' fees; and

    E.    The costs of this action.

## Jury Demand

Plaintiff requests a trial by jury.

                                                                        */s Andrew H. Haber*
                                                                        Andrew H. Haber
                                                                        One of Plaintiffs' Attorneys

Dennis R. Favaro
*dfavaro@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Max Barack
*mbarack@favarogorman.com*
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060